# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLEY TROY COOLEY,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 10-1 Erie** |
| | ) | |
| **v.** | ) | **District Judge Sean J. McLaughlin** |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **PAUL K. SMEAL, <u>et al.</u>,** | ) | |
| **Respondents.** | ) | |

## <u>MEMORANDUM ORDER</u>

**SEAN J. McLAUGHLIN, District Judge.**

This habeas action filed by Petitioner, Kelley Troy Cooley, pursuant to 28 U.S.C. § 2254 was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. On July 15, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") [ECF No. 33] recommending that the petition be denied with respect to each of Petitioner's claims. She further recommended that a certificate of appealability ("COA") be denied. On August 18, 2011, Petitioner filed Objections [ECF No. 39] to the R&R. On August 24, 2011, he filed an Affidavit In Support of his Objections [ECF No. 40].

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. <u>See</u> 28 U.S.C. § 636(b)(1). Accordingly, this Court has carefully examined *de novo* all claims raised by Petitioner in his Objections and we agree with the Magistrate Judge that he is not entitled to habeas relief or a COA on any of his claims. Petitioner's Objections are overruled and we approve and adopt the R&R, as supplemented herein. We write only to address his contention that the Magistrate Judge did not address two of his claims.

1

**I.**

Petitioner contends that the Magistrate Judge did not address the following claims: (1) there was insufficient evidence to support his conviction for the summary offense of harassment; and, (2) there was insufficient evidence to support his disorderly conduct conviction. [ECF No. 39 at 46-47]. He asserts that he raised these claims "in the Memorandum of Law, attached to petition for writ of habeas corpus filed 1/4/2010." [Id.] However, no memorandum of law was attached to his petition or otherwise received by the Court on January 4, 2010. [See ECF Nos. 1, 4]. Nor did Petitioner submit a memorandum of law in support of his petition on any subsequent date.

In any event, Petitioner was required to include all of the grounds for relief *in his petition*. He used the standard form 28 U.S.C. § 2254 petition, which instructs at paragraph 12 to "state *every ground* on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds." [ECF No. 4 at 5 (emphasis added)]. The Magistrate Judge addressed all of the claims raised in the petition. No other claims are before the Court. See also Rule 2 of the Rules Governing § 2254 Cases ("The petition must specify all the grounds for relief available to the petitioner[.]"); LCvR 2254 B.2(a)-(b) (effective 12/9/09) ("A petitioner who files a petition seeking relief pursuant to 28 U.S.C. § 2254 may submit his or her petition on the standard form supplied by this Court… The petitioner is to state *all* grounds for relief[.]" (Emphasis in original)).

If Petitioner had properly presented the claims at issue to this Court, they would be denied. He alleges that there was insufficient evidence to support his disorderly conduct conviction. *Petitioner was not convicted of disorderly conduct in the state criminal action at issue in this habeas proceeding.* The state criminal action at issue in this proceeding is the one at

2

Erie County Court of Common Pleas' Criminal Docket No. 1296 of 2006, in which he was

convicted of *robbery, receiving stolen property, retail theft, and harassment.*[1]

As for his claim that there was insufficient evidence to support his harassment conviction,

Petitioner raised this claim in his direct appeal with the Superior Court of Pennsylvania. (CP

Dkt. No. 61; see also CP Dkt. No. 95, Commonwealth v. Cooley, No. 1072 and 1294 of 2006,

slip op. at 7-8 (C.P. Erie Mar. 10, 2009) (summarizing the claims raised by Petitioner on direct

appeal)). On July 24, 2007, the Common Pleas Court issued a 1925(b) Opinion in which it

explained why this claim had no merit. (CP Dkt. No. 66, Commonwealth v. Cooley, Nos. 1294

& 1072 of 2006, slip op. at 32-33 (C.P. Erie July 24, 2007)). On August 1, 2008, the Superior

Court issued a Memorandum in which it denied the claim for procedural reasons (failure to

comply with Pa.R.A.P. 2116(a), which at the time required that the statement of questions

involved must not exceed one page). (CP Dkt. No. 91, Commonwealth v. Cooley, No. 606

WDA 2007, slip op. at 5-11 (Pa.Super. Aug. 1, 2008)).

Because the Superior Court denied Petitioner's claim that there was insufficient evidence

to support his harassment conviction for failure to comply with Pa.R.A.P. 2116(a), it is

procedurally defaulted for the same reasons explained in the R&R at pages 20-21.[2] Moreover,

even if Petitioner was entitled to merits review of the claim, he still would not be entitled to

habeas relief. In its 1925(b) Opinion, the Court of Common Pleas explained in detail why there

was sufficient evidence to support Petitioner's harassment conviction. (CP Dkt. No. 66, Cooley,

---

[1] At Erie County Court of Common Pleas' Criminal Docket No. 1072 of 2006, Petitioner was convicted of
possession of marijuana and the summary offenses of public drunkenness and disorderly conduct. Petitioner
challenged those convictions in this Court in the habeas corpus case Cooley v. Smeal, No. 1:10-cv-2 (W.D. Pa.). In
that proceeding, he contended that there was insufficient evidence to support his disorderly conduct conviction. The
Court held that the claim was procedurally defaulted. In the alternative, the Court held it failed on the merits.

[2] In that portion of the R&R, the Magistrate Judge explained why Claim 5, which Petitioner also failed to raise in
accordance with Pa.R.A.P. 2116(a), was procedurally defaulted.

Nos. 1294 & 1072 of 2006, slip op. at 32-33).  The claim fails on the merits for the reasons set forth by the Court of Common Pleas.

## II.

Accordingly, this **31st** day of **August, 2011**, it is hereby **ORDERED** that following a *de novo* review of the pleadings and record in this case, the Report and Recommendation by Magistrate Judge Baxter is adopted as the Opinion of this Court, as supplemented herein.  The petition is denied and the Clerk shall mark this case **CLOSED**.


s/  Sean J. McLaughlin
   United States District Judge


cm:   All parties of record
      Susan Paradise Baxter, U.S. Magistrate Judge